IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Brandon Javon Dunlap, | ) | |
| --- | --- | --- |
| | ) | Cr. No. 4:10-cr-00599-5-RBH |
| Petitioner, | ) | C/A No. 4:12-cv-03422-RBH |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court upon the *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") [Doc. # 719], filed by Petitioner Brandon Javon Dunlap, on December 3, 2012. In the Motion to Vacate, Petitioner argues he is entitled to resentencing based upon recent amendments to the Fair Sentencing Act ("FSA").[1] In a December 10, 2012, filing, [Resp., Doc. # 726], Respondent conceded that the amended FSA applies

---

[1] Petitioner raises a claim for ineffective assistance of counsel in Ground One of his Motion to Vacate. [*See* Mot. to Vacate, Doc. # 719, at 4.] The supposed ineffectiveness alleged by Petitioner is that his counsel should have raised the applicability of the recent FSA amendments to his case. However, as Petitioner concedes, the recent Supreme Court case of *Dorsey v. U.S.*, 132 S.Ct. 2321 (2012), which held that the FSA amendments should be applies retroactively in certain cases, had not yet been decided when he was sentenced. [*Id.*] Moreover, as pointed out by Respondent, Petitioner's counsel specifically raised the issue of the FSA amendments in a motion filed before sentencing, which was responded to by the Government and addressed by the Court at Petitioner's sentencing. [*See* Docs. # 524, 528, 539.] Thus, Petitioner's counsel was not ineffective in failing to address the FSA issue as he raised and argued the issue before this Court. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that to prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense."

Further, Petitioner argues in Ground Two of his Motion to Vacate that the FSA amendments should be retroactively applied to his case in light of *Dorsey*. [ Mot. to Vacate, Doc. # 719, at 5.] Thus, because this Court is resentencing Petitioner in light of *Dorsey v. U.S.*, 132 S.Ct. 2321 (2012), as argued in Ground Two of his Motion to Vacate, Petitioner's claim for ineffective assistance of counsel as alleged in Ground One is also moot.

to Petitioner's case and that "[t]he application of [the FSA, as amended] to Petitioner's case would significantly alter his sentence." Respondent "urges" this Court to resentence Petitioner.

Having thoroughly reviewed the record in this case, and in light of Respondent's recent filing, **IT IS ORDERED** that Petitioner's Motion to Vacate [Doc. # 719] is **GRANTED**. The Clerk is directed to schedule a new sentencing for Petitioner.

**IT IS FURTHER ORDERED** that Probation should review the Government's Response at Doc. # 726, and revise Petitioner's Pre-Sentence Report ("PSR") accordingly.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
December 11, 2012